```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division

TRUSTEES OF THE PLUMBERS          )
AND PIPEFITTERS NATIONAL          )
PENSION FUND, et al.,             )
                                  )
     Plaintiffs,                  )
                                  )
          v.                      )  Civil Action No. 1:13cv730
                                  )
MEYERS MECHANICAL CORPORATION,    )
                                  )
     Defendant.                   )
```

REPORT AND RECOMMENDATION

This matter comes before the Court on Motion for Default Judgment (Dkt. 26) by plaintiffs, the Trustees of the Plumbers and Pipefitters National Pension Fund and the Trustees of the International Training Fund ("plaintiffs") against defendant Meyers Mechanical Corporation ("defendant"). When no representative for defendant appeared at the hearing on this motion, the undersigned Magistrate Judge took the matter under advisement.

## I. INTRODUCTION

### A. Background

Plaintiffs are the trustees of multi-employer employee benefit plans as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶¶ 1-2.) Defendant is a corporation that transacts business as a

1

contractor or subcontractor in the plumbing industry.  (Compl. ¶ 3.)

Plaintiffs filed this action under Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), which governs suits among parties to enforce provisions of their collective bargaining agreements.  (Mem. Supp. Mot. Default J. 1.)  Plaintiffs seek damages pursuant to the Restated Agreement and Declaration of Trust establishing the National Pension Fund and the Restated Agreement establishing the International Training Fund ("the Trust Agreements"), which have established the Funds and which bind defendant, and pursuant to defendant's collective bargaining agreement with United Association Local Union No. 661, which incorporates defendant's obligations under the Trust Agreements.[1]  (Mot. Default J. ¶ 1; Sweeney Declarations ¶¶ 1-3 ("Mem. Supp. Mot. Default J. Ex. A, Ex. B").)  Plaintiff also seeks a permanent injunction requiring defendant to submit timely remittance reports and contributions to the Funds and to provide appropriate and adequate security to the Funds in the form of a bond or other acceptable form of security in the amount of $200,000.00.  (Mem. Supp. Mot. Def. J. 3.)

---

[1] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

**B.     Jurisdiction and Venue**

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132, 1145 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.  In this case, jurisdiction and venue are proper because each Fund is administered in this District.  (Compl. ¶ 4.)

**C.     Service of Process**

On July 9, 2013, plaintiffs' private process server served Jan Murphy, an authorized agent for David P. Murphy, Esq., registered agent of defendant, with a copy of Complaint, and Summons.  (Dkt. 4; Mem. Supp. Mot. Default J. 1-2.)  Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

**D.     Grounds for Default Judgment**

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  On September 10, 2013, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.  (Dkt. 6.)  On November 1, 2013, Plaintiffs moved for a temporary restraining order and/or preliminary injunction

requiring defendants not to dispose or otherwise distribute any assets, cash or property, and to place in escrow or post a bond in the amount of $303,486.25.  (Dkt. 7.)  The Court granted the motion for temporary restraining order on November 5, 2013, and ordered that defendant place $303,486.25 in escrow for the duration of the litigation or, in the alternative, post a cash deposit equal to that amount into the Registry of the Court Clerk.  (Dkt. 13.)  The Court held a preliminary injunction hearing on November 8, 2013, and granted plaintiff's motion after defendant failed to appear.  (Dkt. 15.)

Plaintiff filed a Motion for an Order to Show Cause Why Defendant and Third Party Aiding and Abetting Defendant Should Not Be Held in Contempt on November 25, 2013.  (Dkt. 20.)  That motion was heard on December 6, 2013, and an evidentiary hearing on the matter is set for February 14, 2014.  (Dkts. 24 & 25.)  Plaintiffs filed a Motion for Default Judgment on January 3, 2014.  (Dkt. 26.)

## II.  FINDINGS

Based on the Complaint, the Motion for Default Judgment, the Declarations of William T. Sweeney, Jr., the Declaration of John R. Harney, and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.

Defendant is an Indiana corporation with an office located in Indiana.  (Compl. ¶ 3.)  Defendant operates as a contractor

or subcontractor in the plumbing industry and is "an employer in an industry affecting commerce" as defined by the LMRA and ERISA. (Id.) Defendant is a signatory to the collective bargaining agreement with United Association Local Union No. 661, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. (Id. at ¶ 5.)

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions. (Id. at ¶¶ 5-8, 12, 13-14, 17-18, 24-25, 28-29; Mem. Supp. Mot. Default J. Ex. A ¶¶ 3, 10.) Pursuant to the Agreements, plaintiffs seek to collect unpaid contributions, liquidated damages, interest, and attorneys' fees and costs, and for a permanent injunction requiring the defendant to submit timely remittance reports and contributions to the Funds and to provide appropriate and adequate security to the Funds in the form of a bond or other acceptable form of security in the amount of $200,000.00. (Mem. Supp. Mot. Default J. 2-3.)

### A.   Amounts Due to Plaintiff National Pension Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to the National Pension

Fund for the months of October 2012 through February 2013 and April 2013. (Compl. ¶ 10; Mem. Supp. Mot. Default J. Ex. A ¶¶ 5-6.) Because defendant failed to make contributions for October 2012 through February 2013 and April 2013, the contributions owed to the National Pension Fund are derived from Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2009. (Mem. Supp. Mot. Default J. Ex. A ¶ 10.) As derived from the Trust Agreement and Delinquency Procedures adopted by the National Pension Fund, the total amount of defendant's contributions owed to plaintiff National Pension Fund for the months of October 2012 through February 2013 and April 2013 is in the amount of $106,582.28. (Id. at ¶ 6.)

Under the Agreements, defendant must also pay liquidated damages to the National Pension Fund on any unpaid or delinquent contributions.[2] In this case, the amount of these liquidated damages is $10,658.23. (Id. at ¶¶ 10-11.)

Additionally, defendant is obligated under the Agreements to pay interest to the National Pension Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or January 10,

---

[2] Pursuant to Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures adopted by the Trustees of the National Pension Fund as revised in March 2009, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed. (Mem. Supp. Mot. Default J. Ex. A ¶ 10.)

6

2014.  (Id. at ¶ 10.)  The total amount of this interest, calculated through the date of payment or January 10, 2014, is $11,530.26.  (Id.)

### B. Amounts Due to Plaintiff International Training Fund

At the time plaintiffs filed the Complaint, defendant had failed to pay its required contributions to the International Training Fund for the months of October 2012 through January 2013.[3]  (Compl. ¶ 16; Mem. Supp. Mot. Default J. Ex. B ¶¶ 5-6.)  Because defendant failed to make contributions for October 2012 through January 2013, the contributions owed to the International Training Fund are derived from Section 6 of the Restated Trust Agreement establishing the International Training Fund. (Mem. Supp. Mot. Default J. Ex. B ¶ 10.)  As derived from the Restated Trust Agreement, the total amount of defendant's contributions owed to plaintiff International Training Fund for the months of October 2012 through January 2013 is in the amount of $1,165.85.  (Id. at ¶ 12.)

Under the Agreements, defendant must also pay liquidated damages to the International Training Fund on any unpaid or

---

[3] Plaintiff noted that defendant is delinquent in contributions to the International Training Fund for the months of October 2012 through February 2012 and April 2013.  (Mem. Supp. Mot. Default J. Ex. A ¶ 5.)  However, subsequent to the filing of this action, defendant submitted reports and payments of amounts owed for the months of February 2013 and April 2013.  (Id.)  the amount paid based on the remittance report is higher than the amount estimated in the Complaint for the month of April 2013.  (Id.)

delinquent contributions.[4]  In this case, the amount of these liquidated damages is $395.08.  (Id. at ¶¶ 10-12.)

Additionally, defendant is obligated under the Agreements to pay interest to the International Training Fund at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment or January 10, 2014.  (Id.)  The total amount of this interest, calculated through the date of payment or January 10, 2014, is $180.92.  (Id.)

### C. Permanent Injunction

Plaintiffs seek a permanent injunction requiring defendant to submit timely remittance reports and contributions to the Funds and to provide appropriate and adequate security to the Funds in the form of a bond or other acceptable form of security in the amount of $200,000.00.  (Mem. Supp. Mot. Def. J. 3.)

To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the

---

[4] Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, liquidated damages are assessed at the rate of twenty percent (20%) of the amount due.  (Mem. Supp. Mot. Default J. Ex. B ¶ 10.)

public interest would not be disserved by a permanent injunction. Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007).

Here, all four elements are satisfied. First, plaintiffs suffered an irreparable injury as defendant failed to remit contributions necessary to pay pension and training benefits to the participants of the Funds.[5] Second, the permanent injunction is necessary because absent injunctive relief, there is a very real probability that defendant will continue to ignore its contractual obligation to remit timely contributions, and/or cause assets to be dissipated to the officers, shareholders, or other creditors of defendant, leaving plaintiffs with a hollow money judgment. Third, considering the balance of hardships, the requested injunctive relief would not unduly burden defendant because it would only require that defendant meets its contractual obligation to the Funds and post a bond in the amount of one year of contributions as security to the Funds.[6]

---

[5] Courts consistently provide ERISA benefit funds with injunctive relief where delinquent employers ignore their obligations under ERISA. See, e.g., Hotel & Restaurant Employees Int'l Union v. Caucus Club, Inc., 754 F.Supp. 539 (E.D. Mich. 1991); Van Drivers v. Neal, 551 F. Supp. 429 (N.D. Ohio 1982); Central States, Southeast & Southwest Areas National Pension Fund v. Admiral Merchants Motor Freight, Inc., 511 F.Supp. 38 (D. Minn. 1980), aff'd sub nom Southeast & Southwest Areas National Pension Fund v. Jack Cole-Dixie Highway Co., 642 F.2d 1122 (8th Cir. 1981).

[6] Similar relief has been commonly granted in similar cases. See, e.g., McNamara Motor Express, 503 F. Supp. 96, 99 (W.D.

Fourth, the public interest is supported by the relief requested because "Congress made it abundantly clear that an employer would not be permitted to circumvent or ignore its funding, payment and other obligations under ERISA." Laborers Fringe Benefit Funds v. Northwest Concrete & Construction, Inc., 640 F.2d 1350, 1352 (6th Cir. 1981). Applied to the instant case, the relief requested will vindicate public interest by ensuring that the Funds are adequately funded and that employers who promise pension benefits to their employees are not free to ignore their obligation to their employees.

Therefore, it is appropriate for the Court to issue a permanent injunction requiring defendant to remit all contributions due since the filing of the Complaint for the months of May 2013 through July 2013 in the total amount of $63,603.66, and file remittance reports and make contributions the months of October 2013 and November 2013 to the National Pension Fund and International Training Fund. (Mem. Supp. Mot. Default J. Ex. A ¶¶ 10-14.) Furthermore, the Court should order defendant to submit all future remittance reports and contributions to the Funds in a timely manner, and to provide a

---

Mich. 1980) (ordering employer to make contributions immediately into fund as they become due); Hotel & Restaurant Employees Int'l Union v. Caucus Club, Inc., 754 F. Supp. 539, 546 (E.D. Mich. 1991) (enjoining delinquent defendant from selling or transferring any assets until plaintiff ERISA funds were fully paid).

10

bond or other acceptable form of security in the amount of $200,000.00, which represents one year of contributions the defendant has owed the Funds. (Mem. Supp. Mot. Def. J. 10-11; (Mem. Supp. Mot. Default J. Ex. A ¶¶ 13-20; Mem. Supp. Mot. Default J. Ex. B ¶¶ 14-20.)

### D.   Attorneys' Fees and Costs

In addition, plaintiffs seeks $11,037.50 in attorneys' fees and $631.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g). (Mem. Supp. Mot. Default J. 2-3; Harney Decl. ¶¶ 5-7.) The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed in this matter.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant a total of $128,770.77. Specifically, the undersigned recommends that plaintiff National Pension Fund should recover from defendant $106,582.28, the sum of unpaid contributions from October 2012 through April 2013, $10,658.23 in liquidated damages, and $11,530.26 in interest accrued at a rate of 12% per annum from the date due through January 10, 2014, and continuing to accrue through the date of payment.

The undersigned Magistrate Judge recommends that plaintiff

Trustees of the International Training Fund should recover from defendant a total of $1,741.85. Specifically, the undersigned recommends that plaintiff International Training Fund should recover from defendant $1,165.85, the sum of unpaid contributions from the months of October 2012 through January 2013, $395.08 in liquidated damages, and $180.92 in interest accrued at a rate of 12% per annum from the date due through January 10, 2014, and continuing to accrue through the date of payment.

The undersigned further recommends that defendant Meyers Mechanical Corporation be enjoined and directed to remit all contributions due since the filing of the Complaint for the months of May 2013 through July 2013 in the total amount of $63,803.66 and file remittance reports and make contributions for the months of October 2013 and November 2013 to the National Pension Fund and International Training Fund and all future remittance reports and contributions owed on a timely basis to the plaintiff National Pension Fund and International Training Fund to the plaintiff Funds by delivering them to offices of the counsel for the plaintiffs, O'Donoghue & O'Donoghue LLP, 4728 Wisconsin Avenue, N.W., Washington, D.C. 20016 and, as security against any future delinquency, defendant Meyers Mechanical Corporation shall provide a bond or other form of security acceptable to plaintiffs in the amount of $200,000.00 within 15

days of the entry of judgment.

In addition, the undersigned recommends that plaintiffs recover $11,037.50 in attorneys' fees and $631.29 in costs.

IV.  <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    Meyers Mechanical Corporation
    610 NW 2nd Street
    Richmond, IN 47375-1950

                                /s/
                            THERESA CARROLL BUCHANAN
                            UNITED STATES MAGISTRATE JUDGE

January 22, 2014
Alexandria, Virginia